IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGE SHINAULT                                                                PLAINTIFF

V.                                                            NO. 4:17CV177-GHD-JMV

MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.       DEFENDANTS

**ORDER**

Before the court are Plaintiff's motions (1) to request a witness at his evidentiary hearing, and (2) to request the presentation of his x-rays. *See* Docs. #62 & #63. Having fully considered the motions, the court rules as follows:

Plaintiff has requested that x-ray technician Dewayne Blair be subpoenaed to testify as a witness for Plaintiff. Doc. #62. The court notes that witness lists were due in this matter on June 20, 2018. *See* Doc. #15. The court reminded Plaintiff of this witness deadline in an order dated April 11, 2018, after Plaintiff unsuccessfully sought to amend his complaint to add Mr. Blair as a defendant in this action. *See* Doc. #24. In an order dated June 19, 2018, Plaintiff was again instructed to "follow the court's prior instructions regarding how to file the [witness] list and what to include in it." Doc. #45. Despite these warnings, Plaintiff failed to thereafter submit a witness or exhibit list. Therefore, the instant motion [62] is untimely and **DENIED**. The court notes, however, that the Mississippi Department of Corrections ("MDOC") has included Dewayne Blair as a potential witness in its case. Doc. #47. Accordingly, should this matter proceed to an evidentiary hearing, it is likely that Plaintiff will have an opportunity to call Mr. Blair to provide testimony.

Plaintiff has filed a second motion requesting that all of his x-rays be presented to the court. Doc. #63. The court is uncertain whether Plaintiff makes this request in order to respond to Defendants' motion for summary judgment, or whether he desires to present the records at any

evidentiary hearing. The court notes that, as with the witness list, Plaintiff's request for exhibits is untimely. It also notes that the motions deadline passed in this cause on October 22, 2018. *See* Doc. #15. Regardless, the court observes that Plaintiff has been provided his medical and institutional records, *see* Doc. #42, and that over 300 pages of his medical records are attached to Defendants' motion for summary judgment, which he has also been supplied. *See* Doc. #54-2. Therefore, it appears that he already has his medical records in his possession and may produce any of these documents in support of his claims if he chooses to do so. Accordingly, the instant motion [63] is **DENIED**.

**SO ORDERED**, this 15th day of November, 2018.

s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE